## UNITED STATES of America, Plaintiff–Appellee,

### v.

## Francisco MERAZ–LARES, Defendant–Appellant.

### No. 06–40082

### Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Oct. 24, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Molly E. Odom, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM: *

Francisco Meraz–Lares (Meraz) pleaded guilty to an indictment charging him with being found illegally in the United States following a previous deportation. Meraz contends that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) & (2) are unconstitutional, in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because those provisions treat prior convictions as sentencing factors rather than elements of an offense. The Government contends that Meraz waived the right to assert this question in his plea agreement. We assume, *arguendo* only, that the waiver does not bar the instant appeal.

Meraz' constitutional challenge is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although he contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almenda-*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*rez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Meraz properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.